IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

JOHNNY PATTMAN                                                                      PLAINTIFF

VS.                                                          CIVIL ACTION NO. 3:09-CV-570HTW-LRA

MISSISSIPPI DEPARTMENT OF PUBLIC SAFETY;
HINDS COUNTY SHERIFF'S DEPARTMENT;
JACKSON POLICE DEPARTMENT AND CITY OF
JACKSON; TROOPER JAMES GRAY C-45;
MISSISSIPPI HIGHWAY PATROL; UNKNOWN HINDS
COUNTY SHERIFF'S DEPUTIES A & B; UNKNOWN
JACKSON POLICE OFFICERS C & D; AND OTHER
JOHN DOES E-I                                                                       DEFENDANTS

### FINDING OF FACTS AND
### ORDER DENYING MOTION FOR OUT-OF-TIME APPEAL

Plaintiff Johnny Pattman ("Pattman") filed this civil lawsuit against the above-named defendants, under Title 42 U.S.C. § 1983,[1] alleging that these defendants had violated his constitutional rights when they wrongfully had arrested and detained him. On September 13, 2012, this court granted summary judgment in favor of the defendants, finding that they were protected by qualified immunity. Resultedly, this court entered a final judgment dismissing this matter.

Pattman filed a notice of appeal on October 26, 2012, past the thirty-day deadline for appeals under Title 28 U.S.C. § 2107(a)[2] and Federal Rule of Appellate

---

[1] Title 42 U.S.C. § 1983 "confers a private federal right of action for damages and injunctive relief against state actors who deprive any citizen or person within the jurisdiction of the United States of 'rights, privileges, or immunities secured by the Constitution and laws.'" *Burnett v. Grattan*, 468 U.S. 42, 44 n.3, 104 S.Ct. 2924, 82 L.Ed.2d 36 (internal citations omitted).

[2] Title 28 U.S.C. § 2107 states in pertinent part:
(a) Except as otherwise provided in this section, no appeal shall bring any judgment, order or decree in an action, suit or proceeding of a civil nature before a court of appeals for review

1

Procedure 4(a)(1)(A).[3,4] On April 4, 2013, Pattman filed a motion for leave to file an out-of-time appeal [docket no. 41], blaming his attorney for the delay in filing his notice of appeal. Thereafter, the United States Court of Appeals for the Fifth Circuit remanded this matter to this court to hold an evidentiary hearing to determine whether the plaintiff timely had requested that his attorney file an appeal. Docket no. 40.

This court held that evidentiary hearing on April 12, 2013. Those present were: Pattman; Pattman's former attorney, John R. McNeal, Jr. ("McNeal"); and Peter Cleveland, the attorney for the defendants sued by Pattman in this lawsuit. Pattman and McNeal offered testimony to the court under oath. Following are the facts as developed at that evidentiary hearing, the docket, and undisputed facts in the record.

## I. Finding of Facts

Plaintiff Pattman obtained his high school diploma by passing the General Educational Development Test ("G.E.D.") in 1974, during a two-year term of enlistment

---

unless notice of appeal is filed, within thirty days after the entry of such judgment, order or decree.
[. . .]
(c) The district court may, upon motion filed not later than 30 days after the expiration of the time otherwise set for bringing appeal, extend the time for appeal upon a showing of excusable neglect or good cause. In addition, if the district court finds–
    (1) that a party entitled to notice of the entry of a judgment or order did not receive such notice from the clerk or any party within 21 days of its entry, and
    (2) that no party would be prejudiced, the district court may, upon motion filed within 180 days after entry of the judgment or order or within 14 days after receipt of such notice, whichever is earlier, reopen the time for appeal for a period of 14 days from the date of entry of the order reopening the time for appeal.

[3] Federal Rule of Appellate Procedure 4(a)(1)(A) says that "[i]n a civil case, except as provided in Rules 4(a)(1)(B), 4(a)(4), and 4(c), the notice of appeal required by Rule 3 must be filed with the district clerk within 30 days after the judgment or order appealed from is entered."

[4] The court will refer to Rules cited from the Federal Rules of Civil Procedure as "Rule #" and from the Federal Rules of Appellate Procedure as "Appellate Rule #."

with the United States Marine Corp. While in the Marine Corp he attained the rank of corporal. He was honorably discharged.

Plaintiff has taken courses in bookkeeping, accounting, electronic technology, engineering, broadcasting, and sales management. Plaintiff says that he received certificates of completion for these courses from various correspondence schools including Columbia School of Broadcasting, ICS Technology and the Stratford Business School. According to the plaintiff, he once had a career in broadcasting. Plaintiff says that, while he has no formal legal training, he has taught himself how to conduct legal research and has read law books to stay abreast of the issues relevant to his lawsuit.

Plaintiff's lawsuit stems from a 2008 encounter that Pattman had with a Mississippi Department of Public Safety ("MDPS") officer, and Pattman's subsequent arrest by that officer.[5] On February 29, 2008, Pattman was standing on the side of Raymond Road in Jackson, Mississippi, arguing with his sixteen-year old son, who had taken Pattman's truck without permission. Officer James Gray, a trooper with MDPS, stopped to investigate, and ended up detaining and handcuffing Pattman. Pattman was released at the scene by other officers who arrived after Officer Gray.

On the evening of March 3, 2008, Officer Gray, accompanied by several deputies from the Hinds County, Mississippi, Sheriff's Department, arrested Pattman for felony simple assault on a police officer, based on purported threats made by Pattman against Officer Gray. *See* bench warrant, docket no. 26-7. Pattman was taken to the Hinds County Detention Center in Raymond, Mississippi, where he was held for

---

[5] A more detailed recitation of the facts underlying plaintiff's lawsuit may be found in this court's opinion granting summary judgment, entered on September 13, 2012. Docket no. 35.

approximately three weeks. Pattman was released by court order on March 26, 2008, because he had been "held in custody without being brought before a judicial officer for an Initial Appearance within forty-eight hours of arrest," and no charging affidavit had been submitted to the court. Order of release, docket no. 26-8.

A couple of weeks after his release, Pattman hired Attorney McNeal to represent him in his criminal case. Pattman's brother, James Pattman, paid McNeal a $2,000 fee to ensure that Pattman would not be prosecuted on criminal charges. McNeal says he spent approximately 15 to 20 hours working on the criminal case. Pattman was never prosecuted for the charge of felony simple assault on a police officer.

McNeal, then, discussed with Pattman the filing of this civil lawsuit against Officer Gray and the other defendants. Pattman agreed to hire McNeal on a contingency fee basis to pursue this civil case.

Pattman filed this lawsuit in the Circuit Court of the First Judicial District of Hinds County, Mississippi, accusing the MDPS and the other defendants, among other allegations, of violating his constitutional rights when they had arrested him. Complaint, docket no. 1. The defendants properly removed this lawsuit to federal court, based on federal question subject matter jurisdiction, Title 28 U.S.C. § 1331.[6]

On September 6, 2012, this court announced its ruling granting summary judgment in favor of the defendants in a status conference. Attorneys McNeal and Peter Cleveland were present. Minute entry, September 6, 2012. This court entered its opinion and final judgment on September 13, 2012. Docket nos. 35, 36.

---

[6] Title 28 U.S.C. § 1331 states that, "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."

4

Pattman says that, on August 29, 2012, he had called the office of the Clerk of Court and was told about the status conference scheduled for September 6, 2012. McNeal, however, did not notify Pattman of the status conference, nor tell Pattman of the ruling announced by this court, says Pattman. Pattman says that he called McNeal's office on September 10, 13, 17, and 24, attempting to ascertain the results of the status conference, and left messages. According to Pattman, McNeal did not respond to his messages and never provided Pattman a copy of this court's opinion and final judgment dismissing this case.

Pattman says that a friend told him that information about his lawsuit was available on the internet. On September 27, 2012, says Pattman, his daughter downloaded a copy of this court's opinion for him from the internet. Pattman says he called McNeal's office twice that day, leaving messages for McNeal both times. After the second call, Pattman says that McNeal called him back and they discussed this court's dismissal and the filing of an appeal. Pattman testified that McNeal told him he would investigate an appeal and someone in McNeal's office would call Pattman back on Friday or Monday (September 28 or October 1). Pattman says that no one from McNeal's office called him back, and that Pattman's numerous messages for McNeal went unreturned. Pattman testified that he knew he had thirty (30) days to file his appeal.

Pattman also testified about his financial arrangement with McNeal on this matter. He acknowledges that he never paid any filing fees, nor expenses, nor attorney's fees to McNeal in this case.

Pattman said he waited about a week for McNeal to call him back, and then

talked to someone in the Clerk of Court's office. According to Pattman, he assumed that the time to file an appeal had run, but the court employee told him it had not, and that he had until October 13[7] to file an appeal. Pattman says he learned from the court employee that he could file his appeal without an attorney.

Pattman filed a complaint against McNeal with the Mississippi State Bar on October 17, 2012. McNeal says that the appeal was dismissed by the Mississippi Bar as "lacking in merit." Pattman filed his notice of appeal in this case, *pro se*, on October 26, 2012. Docket no. 37.

As part of his motion to file an out-of-time appeal, Pattman submitted a timeline entitled "notes on case." During this court's evidentiary hearing, he testified using notes contained in a spiral-bound notebook as an aid to his memory. Observing such, this court requested a copy of this notebook. Upon examining this notebook, this court found that the notes therein differed from the notes Pattman had submitted to the record as reflecting his timeline.

Various statements made in Pattman's motion were noticeably absent from the notebook he used at the hearing. In his motion, plaintiff said that on September 24, 2012, he heard a rumor from a friend that his case was "on the internet." His personal notebook, however, has no entry for September 24, 2012. The notes submitted with his motion contain entries for September 6, 7, 10, 13, 17, 21, 24, and 27.

Pattman's trial-aid notebook contains no entries for September 7, 21, or 24.

---

[7] This court entered its order of dismissal on September 13, 2012. The thirtieth day after entry of the dismissal was October 13, 2012. October 13 fell on a Saturday. Plaintiff, therefore, had until Monday, October 15, 2012, to file his notice of appeal.

Further, in his court-filed notes, Pattman wrote that he telephoned his daughter to check the internet for his case. Pattman's refresher notes contain no mention of his daughter.

Pattman attempted to explain the discrepancies, saying that he had taken notes on a calendar and other scraps of paper, then had transcribed them. This court finds Pattman's explanation unconvincing.

McNeal's version of events differs from Pattman's testimony in a few significant ways. McNeal says his secretary mailed Pattman a copy of this court's order within a week after it had been entered. McNeal says he spoke with Pattman soon after and explained to Pattman that the court had dismissed Pattman's lawsuit, finding no triable issues of fact. McNeal says he told Pattman that they had thirty days to file an appeal.

According to McNeal, he cautioned Pattman that an appeal would not be free, and that Pattman would have to pay the cost of the record and for McNeal's time to prepare and perfect the appeal. McNeal says he estimated these costs to be about $3,000 to $5,000. Pattman responded, says McNeal, that he did not have any money to pay for an appeal. McNeal says he then told Pattman to think about the matter for a few days and, meanwhile, he [McNeal] would review this court's opinion to determine if a basis existed to warrant spending money on an appeal.

Pattman was supposed to decide if he could muster the funds to pursue an appeal, says McNeal, then follow-up with McNeal. Pattman says that McNeal was supposed to call him [Pattman] to let Pattman know if an appeal was viable. Both Pattman and McNeal agree that at the end of the conversation on September 27, 2013, Pattman had not paid McNeal to represent him on appeal, nor reached any payment

7

agreement to pay McNeal any specific sums in the future to file an appeal.

Pattman "fired" McNeal from representing him, and filed a letter in the docket reflecting such on November 5, 2012. Docket no. 38. In his letter, Pattman stated "I *pro se* am my own representative. Mr. McNeal is fired, an[d] no longer represent[s] Mr. Pattman under any circumstance." *Id*.

## II. Law

Timely filing of the notice of civil appeal is generally "mandatory and jurisdictional." *Bowles v. Russell*, 551 U.S. 205, 209-210, 127 S.Ct. 2360, 168 L.Ed.2d 96 (2007); *Tamez v. Manthey*, 589 F.3d 764, 769 (5th Cir. 2009). The United States Supreme Court has distinguished between court-promulgated procedural rules as opposed to time "limits enacted by Congress," finding Congress' statutory limits to be jurisdictional. *Bowles*, 551 U.S. at 211. Title 28 U.S.C. § 2107, which establishes the thirty-day time limit for filing an appeal in a civil lawsuit, and the extensions of time which may be granted by the district court, is statutory and jurisdictional. *Id*. These statutory time limits, and the prescribed methods to extend or reopen the time to appeal, are "carried into practice" in Rule 4 of the Federal Rules of Appellate Procedure. *Id* at 208.

Under Appellate Rule 4(a)(5),[8] the district court may extend the deadline for filing the notice of appeal if the plaintiff shows good cause or excusable neglect. In order for

---

[8] Federal Rule of Appellate Procedure 4(a)(5) says:
The district court may extend the time to file a notice of appeal if:
   (i) a party so moves no later than 30 days after the time prescribed by this Rule 4(a) expires; and
   (ii) regardless of whether its motion is filed before or during the 30 days after the time prescribed by this Rule 4(a) expires, that party shows excusable neglect or good cause.

the district court to grant an extension, the litigant must move for that extension "no later than 30 days after the time prescribed by this [Appellate] Rule 4(a) expires." Fed.R.App.P. 4(a)(5).

The district court lacks authority to extend the deadline without a motion from the appellant. *Bond v. W. Auto Supply Co.*, 654 F.2d 302, 303-04 (5th Cir. 1981). Historically, a tardy notice of appeal, filed within the time limit to file a motion for extension of time, could itself be considered a motion for an extension of time. *Id*. Appellate Rule 4(a)(5), however, was amended in 1979 to include specific language requiring an appellant in a civil case to file a motion for extension of time. *Id*. Appellate "Rule 4(a) now expressly requires that an actual motion for an extension be filed with the district court." *Id* (citing Notes of Advisory Committee on Appellate to F.R.A.P. Rule 4, 28 U.S.C.A. and *Sanchez v. Board of Regents*, 625 F.2d 521 (5th Cir. 1980)). Civil cases are treated differently than criminal appeals, in that a late-filed notice of appeal in a criminal case may be treated as a motion for extension of time. *See W.T.Parker v. C.G.Strickland*, 728 F.2d 1406, 1407 (11th Cir. 1984).

If a litigant fails timely to move for an extension of time under Federal Rule of Appellate Procedure 4(a)(5), the district court may reopen the time to file an appeal under Federal Rule of Appellate Procedure 4(a)(6) "only if all the following conditions are satisfied:"

> (A) the court finds that the moving party did not receive notice under Federal Rule of Civil Procedure 77(d) of the entry of the judgment or order sought to be appealed within 21 days after entry;
> (B) the motion is filed within 180 days after the judgment or order is entered or within 14 days after the moving party receives notice under

9

Federal Rule of Civil Procedure 77(d)[9,10] of the entry, whichever is earlier; and

(C) the court finds that no party would be prejudiced.

Plaintiff Pattman complains that he never received notice of the judgment. To obtain relief under Appellate Rule 4(a)(6)(A), the appellant must show that he did not receive notice of the contested judgment, served as prescribed by Rules 77(d) and 5(b)(1), within 21 days of its entry. Fed.R.App.P. 4(a)(6)(A). The appellant must file his motion to reopen within 180 days of entry of the judgment or within fourteen days of receiving notice, whichever comes first. Fed.R.App.P. 4(a)(6)(B); *Bass v. U.S. Dept. of Agriculture*, 211 F.3d 959, 963 (5th Cir. 2000). Appellate Rule 4(a)(6)(A) contemplates actual receipt of the notice, not just service by the Clerk of Court through the mail. *Bass*, 211 F.3d at 963. Notice, under Fifth Circuit jurisprudence, generally must be in writing. *Id*.

Federal Rule of Civil Procedure 77(d) states that the Clerk of Court must serve notice of the entry of an order or judgment in accordance with Rule 5(b). Fed.R.Civ.P. 77(d). When a party is represented by counsel, Rule 5(b) requires the Clerk of Court to serve the judgment on the attorney. Fed.R.Civ.P. 5(b).

---

[9] Fed.R.Civ.P. 77(d) states:
(1) *Service.* Immediately after entering an order or judgment, the clerk must serve notice of the entry, as provided in Rule 5(b), on each party who is not in default for failing to appear. The clerk must record the service on the docket. A party also may serve notice of the entry as provided in Rule 5(b).
(2) *Time to Appeal Not Affected by Lack of Notice.* Lack of notice of the entry does not affect the time for appeal or relieve—or authorize the court to relieve—a party for failing to appeal within the time allowed, except as allowed by Federal Rule of Appellate Procedure (4)(a).

[10] Fed.R.Civ.P. 5(b)(1) (cited in Fed.R.Civ.P. 77(d)) states that "[i]f a party is represented by an attorney, service under this rule must be made on the attorney unless the court orders service on the party."

In its remand order, the United States Court of Appeals for the Fifth Circuit, cited *Roe v. Flores-Ortega,* 528 U.S. 470, 120 S.Ct. 1029, 145 L.Ed.2d 985 (2000), and *United States v. Tapp*, 491 F.3d 263, 265 (5th Cir. 2007), which address a criminal defendant's right to a requested appeal. The Fifth Circuit asked this court to make a finding of fact whether Pattman timely asked his attorney to file an appeal. In *Roe v. Flores-Ortega*, the United States Supreme Court addressed a criminal defendant's right to pursue an untimely appeal based on his Sixth Amendment[11] right to "reasonably effective legal assistance." 528 U.S. 470, 476, 120 S.Ct. 1029, 145 L.Ed.2d 985 (2000). The Court in *Flores-Ortega*, found that an attorney's "failure to file a requested notice of appeal is *per se* ineffective assistance of counsel, with or without a showing that the appeal would have merit." *United States v. Tapp*, 491 F.3d 263, 265 (5th Cir. 2007) (citing *Roe v. Flores-Ortega*, 528 U.S. 470, 120 S.Ct. 1029, 145 L.Ed.2d 985 (2000)). When a criminal defendant shows by the preponderance of the evidence that he requested an appeal and his attorney did not file the appeal as requested, "prejudice will be presumed and the petitioner will be entitled to file an out-of-time appeal." *Id* at 266.

In civil litigation, the United States Supreme court has found that, generally, a litigant has a due process right to legal representation "only where the litigant may lose

---

[11] U.S. Const. amend. VI states:
In all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial, by an impartial jury of the State and district wherein the crime shall have been committed, which district shall have been previously ascertained by law, and to be informed of the nature and cause of the accusation; to be confronted with the witnesses against him; to have compulsory process for obtaining witnesses in his favor, and to have the Assistance of Counsel for his defence.

11

his physical liberty if he loses the litigation." *Lassiter v. Dept. of Social Svcs. of Durham County, N.C.*, 452 U.S. 18, 25, 101 S.Ct. 2153, 68 L.Ed.2d 640 (1981).

### III. Analysis

This court is persuaded that Pattman's motion to file an out-of-time appeal should be denied. Both *Roe v. Flores-Ortega* and *Unites States v. Tapp* dealt with the question of whether a criminal defendant had suffered a violation of his Sixth Amendment right to effective assistance of counsel. In each of those cases, a criminal defendant had entered a guilty plea. Those defendants failed to file a timely notice of appeal. Later, as prisoners, they filed habeas petitions claiming ineffective assistance of counsel. The *Roe v. Flores-Ortega* court stated that:

> a defendant who instructs counsel to initiate an appeal reasonably relies upon counsel to file the necessary notice. Counsel's failure to do so cannot be considered a strategic decision; filing a notice of appeal is a purely ministerial task, and the failure to file reflects inattention to the defendant's wishes. 528 U.S. at 477.

The constitutional protections of the Sixth Amendment are not at issue here. Plaintiff Pattman is not a criminal defendant. This is not an appeal or a collateral attack on a criminal sentence. Plaintiff Pattman, to this court's knowledge, was never indicted, convicted, nor sentenced for any alleged criminal conduct associated with his 2008 arrest. Pattman simply was arrested. The officer failed to file a charging affidavit. And, Pattman was released. The plaintiff hired Attorney McNeal to file a civil lawsuit against those in law enforcement that plaintiff deemed to have abused their power.

The plaintiff testified that he spoke with his attorney shortly after this court's entry of the order granting summary judgment. The two discussed this court's order, the

possibility of filing an appeal, and the time remaining to file. Pattman testified that he asked McNeal to file an appeal. McNeal concurs that this conversation took place, but, according to McNeal, when confronted with the costs of the record and attorney's fees, Pattman said he did not have any money.

This court finds that Pattman and McNeal spoke about filing an appeal on September 27, 2012. At that time, Pattman may have expressed an interest in having McNeal file an appeal, but did not agree to pay the costs of an appeal. Pattman did not testify that he hired McNeal to perfect an appeal. At the end of the conversation, Pattman could have had no reasonable expectation that McNeal would file an appeal without further discussion and an agreement for Pattman to pay McNeal. This court finds McNeal's testimony credible, and generally consistent with the series of events documented by the docket. Pattman's testimony, on the other hand, is impugned by contradictions between his pleadings and his log notebook.

Further, Pattman discovered, before the time to file had run, that he could file the notice of appeal himself. He testified at the hearing that someone in the Clerk of Court's office had told him that his appeal deadline was October 13,[12] one month after this court entered the order of dismissal. Pattman filed a notice of appeal on October 26, 2013.

Pattman is not entitled to an extension of time under Rules 4(a)(5). His motion for leave to file an out-of-time appeal was untimely under Rule 4(a)(5). *See Roberts v. Cain*, 485 Fed.Appx. 689, 689 (5th Cir. 2012). Pattman filed his motion for leave to file

---

[12] *Supra*, note 7. The notice of appeal was due on October 15, 2012.

his appeal out-of-time on April 4, 2013, more than five months after the thirty day time-limit to appeal had expired. Rule 4(a)(5) requires that the appellant move for an extension of time within thirty days after the running of the time limit to appeal. Rule 4(a)(5), and the precedent of this Circuit, require that Pattman move this court for an extension of time within the prescribed time period. *Bond*, 654 F.2d at 303. This district court may not merely construe Pattman's late-filed notice of appeal as a motion for extension of time, and grant him an extension. *Id.*

The plaintiff also has not made a sufficient showing under Appellate Rule 4(a)(6) for the court to reopen the time to file an appeal. Section (A) of Appellate Rule 4(a)(6) requires plaintiff to show that he did not receive notice of the order within twenty-one days of its entry. Pattman was represented by Attorney McNeal at the time that this court dismissed this lawsuit. Both Pattman and Attorney McNeal agree that McNeal was served with a copy of this court's order in accordance with Rules 77(d) and 5(b)(1) of the Federal Rules of Civil Procedure, in September of 2012. Pattman argues that he did not receive a copy of the order from his attorney, who mailed the order to the address provided by Pattman. Pattman, however, learned of the order on September 27, 2010, within fourteen days of the judgment. Pattman says he obtained a copy of the opinion from the internet, and discussed the order with Attorney McNeal. McNeal explained to Pattman the meaning of summary judgment, the basis of this court's ruling, and the costs of an appeal.

While Pattman has complained to this court that McNeal did not send him a copy of the order, McNeal had no reason to know that Pattman, as Pattman alleges, did not receive the copy mailed by McNeal. At the time that Pattman and McNeal spoke on

September 27, Pattman had a written copy of the opinion in his possession. This court, therefore, finds that plaintiff cannot meet the requirements of Federal Rule of Appellate Procedure 4(a)(6), and his motion to file an out-of-time appeal must be denied.

**SO ORDERED AND ADJUDGED**, this the 18th day of July, 2013.

/s/ Henry T. Wingate
**UNITED STATES DISTRICT JUDGE**

**Order Extending Deadline for Appeal**
**Civil Action No. 3:09-CV-570-HTW-LRA**